IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 08-CV-00216-WDM-KMT

RODNEY DEWALT,

    Plaintiff,

v.

FLORENCE LARSEN, individually, and
KAL ZEFF ESTATE AND SUCCESSORS,

    Defendants.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

    This matter is before me on a recommendation of Magistrate Judge Kathleen M. Tafoya, issued August 21, 2008 (Docket No. 40), recommending that Defendants' motions to dismiss (Docket No. 4) and Kal Zeff Estate's Motion for Summary Judgment (Docket No. 5) be granted. Plaintiff Dewalt (hereinafter "DeWalt") did not file an objection to the recommendation and, therefore, is not entitled to *de novo* review. 28 U.S.C. § 636(b); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988). I must construe DeWalt's pleadings liberally and hold him to a "less stringent standard" because he is proceeding *pro se*. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972))). For the reasons set forth below, I accept Magistrate Judge Tafoya's recommendation as modified.

PDF Final

Background[1]

This case stems from a lease agreement between DeWalt's company, DeWalt Entertainment, Inc. ("DEI") and Quebec Illif Joint Venture ("QJV"), for commercial space in which DeWalt intended to build a nightclub. Zeff[2] was the owner of QJV and Florence Larsen was an employee. DeWalt personally guaranteed the lease. The ten-year lease was entered into in 2004. After some disagreements regarding the rent and the property itself, QJV eventually filed a Forcible Entry and Detainer action against DEI and DeWalt to recover possession of the property. DeWalt and DEI relinquished possession of the property on January 3, 2005 but filed counterclaims against QJV and a third party complaint against Zeff and Larsen individually. The third party complaint asserted eleven claims for relief including, *inter alia*, intentional infliction of emotional distress, fraud and misrepresentation, and tortious interference with prospective advantage. DeWalt also alleged violations of 42 U.S.C. § 1981 and 1982 claiming that, upon learning that DeWalt was African American, Zeff and Larsen "stopped cooperating

---

[1] These facts are taken from the complaint as well as from documents relating to the initial state court lawsuit between the parties as this lawsuit was referred to in the complaint and is central to DeWalt's claim, see *GFF Corp. V. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997) (holding that when the complaint refers to a document and the document is "central to the plaintiff's claim, a defendant may submit a indisputably authentic copy to the court to be considered on a motion to dismiss" without converting the motion to dismiss into a motion for summary judgment), and the motion to dismiss raises jurisdictional issues, see *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995) (holding that when the motion to dismiss challenges the factual basis upon subject matter jurisdiction rests, a defendant may present documents outside the pleadings without converting the motion to dismiss into a motion for summary judgment).

[2] Zeff has passed away since the relevant facts of this case occurred and, therefore, the suit is brought against the Kal Zeff Estate and Successors (the "Zeff Estate").

with DeWalt and breached the lease" and began to demand deposits not included in the lease. DeWalt also claimed that it was QJV who breached the lease.

The District Court for the City and County of Denver (the "District Court") held a four day trial to the court in December 2005 and found in favor of QJV, the Zeff Estate, and Larsen on all claims The District Court determined that DeWalt and DEI "breached their obligations under the lease and the personal guaranty by failing to pay rent and by permitting a mechanic's lien to be filed against the property" while QJV "performed all of its obligations under the lease." (*See* Docket No. 4-2 at 2.) The District Court awarded $130,998 plus costs and attorney's fees to QJV. DeWalt appealed arguing that the District Court erred by (1) concluding that he and DEI had breached the lease; (2) concluding that QJV did not breach the lease; and (3) failing to administer an oath to him at trial. The Colorado Court of Appeals affirmed the District Court's decision.

DeWalt instituted this action on February 1, 2008 against Larsen individually and the Zeff Estate. The complaint does not indicate on what theory of liability DeWalt seeks a judgment except in the caption which states "Suit for Violation of Title 42 1981 and 1982, Violation of Fourteenth Amendment Section 1; Denial of Due Process Civil Rights Violation Act, Intentional Infliction of Emotional Distress, Reckless Conduct."

### Standard of Review

Magistrate Judge Tafoya recommends dismissal pursuant to both Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted. A plaintiff who sues in federal court has the burden of establishing federal jurisdiction to hear the claim. *See Marcus v. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999) ("Because the jurisdiction of federal courts is limited, 'there is a

presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof.'" (quoting *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991))). Motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) can be in one of two forms. *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003) (citing *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001)). First, the moving party may "facially attack the complaint's allegations as to the existence of subject matter jurisdiction." *Id.* "In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true." *Holt*, 46 F.3d at 1002 (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). Second, the moving party may "go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Maestas*, 351 F.3d at 1013 (citing *Stuart*, 271 F.3d at 1225). In this case, "a district court may not presume the truthfulness of the complaint's factual allegations." *Holt*, 46 F.3d at 1003. Rather, the court may look to affidavits and other documents outside the pleadings and such reliance does not convert the motion to a Rule 56 motion for summary judgment. *Id.*

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." A complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Id.* (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The court must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff. *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996).

Discussion

Magistrate Judge Tafoya recommends that DeWalt's case be dismissed (1) pursuant to Fed. R. Civ. P. 12(b)(6) for failure to comply with Fed. R. Civ. P. 8(a); (2) pursuant to the *Rooker-Feldman* doctrine[3] as the complaint essentially challenges the state court's determination of the issues between the parties; and (3) pursuant to the doctrine of *res judicata* as the issues in this case were already determined by the state court. First, Magistrate Judge Tafoya recommends that the complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to comply with the pleading requirements set forth in Fed. R. Civ. P. 8(a). Rule 8(a) provides that "[a] pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it fails to comply with Fed. R. Civ. P. 8(a)(2)'s requirement of a short and plain statement and there appears to be no set of facts upon which relief may be granted. *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n*, 891 F.2d 1473, 1480 (10th Cir. 1989)); *accord Monroe v. Owens*, 38 Fed. Appx. 510, 513 (10th Cir. 2002) (unpublished) ("Under Rule 12(b)(6), a district court may dismiss with prejudice a

---

[3] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

complaint that fails to comply with Federal Rule of Civil Procedure 8(a)(2)'s requirement of a 'short and plain statement of the claim' if there appears to be no set of facts on which the plaintiff may state a claim for relief." (quoting *Monument Builders*, 891 F.2d at 1480)); *Abdelsamed v. United States*, 13 Fed. Appx. 883, 884 (same). "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (describing how a district court may articulate the requirements of Rule 8 to a lay person).

In this case, the complaint does not set forth any specific facts regarding Zeff or Larsen that demonstrate that either of them acted unlawfully by personally participating in a violation of DeWalt's constitutional rights, engaging in reckless conduct, or causing emotional distress to DeWalt.[4] The only statement linking either Zeff or Larsen to any discriminatory action is a statement that "Kal Zeff and his estate were from a privileged group." This, however, is insufficient to survive a Rule 12(b)(6) motion to dismiss. Furthermore, although the majority of the complaint details the lease transactions between the parties, it utterly fails to link these actions to any unlawful conduct. Therefore, I agree with Magistrate Judge Tafoya that dismissal is appropriate pursuant to Fed. R. Civ. P. 12(b)(6) for failure to comply with Fed. R. Civ. P. 8(a).

Second, Magistrate Judge Tafoya determined that the *Rooker-Feldman* doctrine

---

[4] As noted above, the only place that the basis for DeWalt's complaint is set forth is in the caption of the complaint. Reading DeWalt's complaint liberally, I will construe the complaint as sufficiently setting forth theories of liability even though the caption merely names these theories.

bars DeWalt's claims. "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by state court losers challenging state court judgments rendered before the district court proceedings commenced." *Mann v. Boatright*, 477 F.3d 1140, 1146 (10th Cir. 2007) (quoting *Lance v. Dennis*, 546 U.S. 459 (2006)); *accord Bolden v. City of Topeka*, 441 F.3d 1129, 1139–43 (10th Cir. 2006). The doctrine also prevents a federal court from hearing any claims that, even though not directly based on a state court judgment, are "inextricably intertwined" with a state court judgment. *Crutchfield v. Countrywide Home Loans & Mortgage Elec. Registration Sys.*, 389 F.3d 1144, 1147 (10th Cir. 2004) (citing *Feldman*, 460 U.S. at 483 n.16). Furthermore, "federal district courts do not have jurisdiction 'over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.'" *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 (10th Cir. 1986) (citing *Feldman*, 460 U.S. at 486); *accord Mann*, 477 F.3d at 1147 (determining that a district court cannot entertain a suit attacking a state court judgment on constitutional grounds "when the constitutional attack is inextricably intertwined with the state court's judgment" (internal quotations omitted) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 286 (2005))).

In this case, the vast majority, if not all, of DeWalt's claims revolve around the state court proceedings and as such either directly challenge the state court proceedings or are "inextricably intertwined" with those proceedings. Indeed, DeWalt's response to the motion to dismiss does nothing more than catalogue the ways in which he will show that the "findings of [the District Court] are flawed" including, *inter alia*,

> That Judge Lemon struck Plaintiffs [sic] witnesses and none for the Defendants. Plaintiff will prove rent was paid but then given back. Plaintiff will prove the lien was filed due to Defendants [sic] failures. Plaintiff will prove that Tracey Garin testified for the defense and the court weighed his testimony against Plaintiff. Plaintiff will prove his constitutional civil rights were denied to a fair trial. . . .

(Docket No. 147.) Therefore, I conclude that Magistrate Judge Tafoya correctly determined that this Court lacks subject matter jurisdiction over DeWalt's claims pursuant to the *Rooker-Feldman* doctrine.

Finally, Magistrate Judge Tafoya recommends that the complaint be dismissed on *res judicata* grounds because the District Court has previously determined all of the issues surrounding the 2004 lease agreement. Res judicata bars a subsequent claim if four elements are met: "(1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the party must have had a full and fair opportunity to litigate the claim in the prior suit." *In re Mersmann*, 505 F.3d 1033, 1049 (10th Cir. 2007) (citing *Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997)). In this case, the prior suit ended with a judgment on the merits (finding in favor of the Zeff Estate and Larsen), the parties are the same although in a different procedural posture, the claims are essentially the same, and DeWalt had a full and fair opportunity to litigate the issues. DeWalt argues that he is not seeking to relitigate the District Court case but, rather is "merely stating that the case from 2005 violated his federal constitutional rights to due process." As discussed above, however, such a claim is barred by the *Rooker-Feldman* doctrine as the claims are inextricably intertwined with the state court judgment. Furthermore, again as discussed above, the complaint is

devoid of any specific allegations that Zeff or Larsen personally participated in any constitutional violation. Therefore, I agree with Magistrate Judge Tafoya that *res judicata* bars this lawsuit.

I note that Zeff's Motion for Summary Judgment argues that the lawsuit should be dismissed on *res judicata* grounds as well as for a failure to timely present the claims to the personal representative of the Zeff Estate as required by Colo. Rev. Stat. § 15-12-801(1). As I conclude that Magistrate Judge Tafoya was correct in determining that the case should be dismissed for all the reasons articulated above, I need not reach the issue of timely presentation to the representative. Therefore, I conclude that the motion based on this ground should be denied as moot.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Tafoya issued August 21, 2008 (Docket No. 40) is accepted as modified.
2. Defendants' Motion to Dismiss (Docket No. 4) is granted.
3. Defendant Kal Zeff Estate's Motion for Summary Judgment (Docket No. 5) is granted to the extent it seeks dismissal based on *res judicata* but denied as moot to the extent it seeks dismissal on any other grounds.
4. This case is dismissed with prejudice.

DATED at Denver, Colorado, on September 19, 2008.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge